Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                          Chapter 11
BUNGALOW 3 NYC, LLC,                            Case No. 18-11374 (SMB)
d/b/a TRIBECA TAP HOUSE,

                      Debtor.
---------------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK   )
                             ) ss.:
COUNTY OF NEW YORK )

        NICHOLAS MCKEON, being duly sworn, deposes and says:

        1.    I am the President of Bungalow 3 NYC, LLC d/b/a Tribeca Tap House, the debtor and debtor-in-possession herein (the "Debtor"). I am familiar with the facts and circumstances as recited herein.

        2.    The Debtor is a New York limited liability company engaged in the operation of a tavern located at 363 Greenwich Street, New York, New York 10013 (the "Premises").

        3.    On May 4, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court and an Order for Relief was entered. The Debtor remains in possession of its property and is continuing to manage its affairs as a debtor-in-possession.

4. The Debtor's chapter 11 filing was precipitated by protracted litigation with its landlord (Edelweiss, LLC) and the condominium in which the Premises are located (The Mondo Condo Condominium) concerning certain HVAC and exhaust systems which the Debtor installed in an alleyway adjacent to the Premises. Specifically, disputes arose regarding the noise, heat and exhaust that emanated from these systems which spawned multiple lawsuits. The Debtor is awaiting approval from the New York City Department of Buildings regarding its permit application to install new HVAC and exhaust systems which would remedy all issues.

5. Ultimately, the Debtor decided to seek relief under chapter 11 of the Bankruptcy Code so as to stay all pending litigation while it continues its efforts to obtain a permit to address the HVAC and exhaust systems at the Premises.

6. Pursuant to LBR 1007(a)(3), no committee of creditors of the Debtor was formed prior to the Petition Date.

7. Pursuant to LBR 1007-2 (a)(4), a list containing the names and addresses of the entities believed to be the twenty largest unsecured creditors of the Debtor, excluding insiders, has been filed with the Court.

8. Pursuant to LBR 1007-2(a)(5), a list containing the names and addresses of the entities believed to be all of the Debtor's secured creditors have been listed in the Debtor's Schedule D which has been filed with the Court.

9. Pursuant to LBR 1007-2(a)(6), an approximate summary of the Debtor's assets and liabilities are set forth in the Debtor's Schedules A/B, D, and E/F which have been filed with the Court.

10. Pursuant to LBR 1007-2(a)(7), the issued and outstanding interests in the Debtor are all privately held.

11. Pursuant to LBR 1007-2(a)(8), to the best of my knowledge, there is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

12. Pursuant to LBR 1007-2(a)(9), the only real property owned, leased or held by the Debtor is the Premises.

13. Pursuant to LBR 1007-2(a)(10), all of the corporate assets and books and records are located at the Premises.

14. Pursuant to LBR 1007-2(a)(11), to the best of my knowledge and belief, the only pending or threatened actions or proceedings against the Debtor are as follows:

| Case Title | Court/Case No. | Description | Status |
| --- | --- | --- | --- |
| Bungalow 3 NYC, LLC v. Edelweiss, LLC | Supreme Court of the State of NY, NY County 150895/2018 | Yellowstone Injunction | Pending |
| Ranney Roadsters, Inc., et al. v. Bungalow 3 NYC, LLC, et al. | Supreme Court of the State of NY, NY County 656818/2017 | Dissolution | Pending |
| Edelweiss, LLC v. Bungalow 3 NYC, LLC | Supreme Court of the State of NY, NY County 156576/2017 | Contract | Pending |
| The Board of Managers of the Mondo Condo Condominium, et al. v. Bungalow 3 NYC, LLC, et al. | Supreme Court of the State of NY, NY County 159624/2017 | Nuisance | Pending |

15. Pursuant to LBR 1007-2(a)(12), the Debtor's management consists of myself as the President and Joseph Mangino as Vice-President.

16. Pursuant to LBR 1007-2(b)(1), the Debtor presently has 4 full-time employees and 16 part-time employees. The Debtor estimates that its gross payroll for employees exclusive of officers for the thirty (30) day period following the Petition Date will be $40,000.00.

3

17. Pursuant to LBR 1007-2(b)(2), the amount proposed to be paid for services for the thirty (30) day period following the Petition Date to the officers, directors, and stockholders is $1,500.00.

18. Pursuant to LBR 1007-2(b)(3), the Debtor anticipates that it will have receipts totaling approximately $100,000.00 during the thirty (30) day period following the Petition Date. The Debtor's expenses for the same period should total approximately $95,000.00.

19. The Debtor believes that under the supervision of the Bankruptcy Court, it will be able to pay its creditors substantially more than they would receive if the Debtor went through a forced liquidation.

_____
NICHOLAS MCKEON

Sworn to before me this
4th day of May, 2018

_____
Notary Public
My Commission expires:

DOUGLAS J. PICK
Notary Public, State of New York
No. 02PI4752430
Qualified in New York County
Commission Expires Feb. 26, 2019