# PICK & ZABICKI LLP
ATTORNEYS AT LAW
369 Lexington Avenue, 12th Floor
New York, New York 10017

Douglas J. Pick
Eric C. Zabicki

Telephone: (212) 695-6000
Facsimile: (212) 695-6007
E-mail: dpick@picklaw.net

September 4, 2018

**VIA E-MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

      Re:    *Bungalow 3 NYC, LLC d/b/a Tribeca Taphouse*
              *Chapter 11 – Case No. 18-11374 (SMB)*

Dear Judge Bernstein:

      Attached is debtor Bungalow 3 NYC, LLC d/b/a Tribeca Taphouse's (the "Debtor") proposed *Order Lifting the Automatic Stay Under 11 U.S.C. §362(d)(1)* in connection with the motion of the Mondo Condo Condominium (the "Mondo Condo") for relief from the automatic stay. At the recent hearing held on August 30, 2018, the Court indicated that the parties had already agreed to "So Ordering" of the record of the June 28, 2018 hearing, but that nonetheless, Mondo Condo and the Debtor should attempt to agree on a short proposed order to identify for the State Court that the automatic stay would be lifted in late September 2018. It is respectfully submitted that Mondo Condo's proposed order is broader than what was directed by the Court.

      In furtherance of the Court's directive, the Debtor's proposed order includes the following decretal paragraph:

> ORDERED that: (i) the automatic stay imposed pursuant to section 362(a) of the Bankruptcy Code is lifted effective Friday, September 28, 2018 to allow the Actions to proceed in State Supreme Court; and (ii) any determination made in the State Supreme Court will not be enforced except pursuant to further Court Order by this Court.

      The Debtor believes that the Mondo Condo's proposed order is improper for the following reasons:

Honorable Stuart M. Bernstein
September 4, 2018
Page 2

- Whereas, the Debtor's proposed order includes a WHEREAS clause that expressly provides that the collective stipulations resolving the stay relief motion were placed on the record which was "So Ordered" by the Court, the following proposed decretal paragraph is added to Mondo Condo's proposed order reiterating a single term placed on the record at the June 28, 2018 hearing on the motion and, thus, should not be partially restated in the order at issue. Further, while the parties at the June 28, 2018 hearing described the deadline for removal of the exhaust fan as "90 days" from the Court hearing, the Debtor submits that the intent of the parties was for the exhaust system to be removed on or before Friday, September 28, 2018, not Wednesday, September 26, 2018):

    > ORDERED, that the Debtor shall remove the exhaust system[1] and any related equipment from the alleyway adjacent to the Mondo Condo Condominium on or before September 26, 2018 (i.e. 90 days after the June 26, 2018 Hearing), and the Debtor's failure to timely do so shall result in the Movants' entitlement to exercise self-help at the Debtor's expense, and that in such event the Debtor shall allow the Movants to have immediate access the Debtor's premises;

- Also the following proposed decretal paragraph incorporated by Mondo Condo was never discussed or agreed to on the record and, if incorporated, could potentially prejudice the Debtor's objection to the Mondo Condo's (and the four shareholders') claim to any professional fees and/or that they had standing to bring a nuisance claim. Further, while the parties are in agreement that the stay will be lifted in the Actions in late September to address whether there is any liability to the Movants, the record includes no request for relief to "enforce" Movants' rights against Edelweiss, LLC in advance of September 28, 2018, which potentially impacts the Debtor's rights in the lease. Thus, the Debtor respectfully requests that the following proposed language be deleted from the Court's order (and replaced by the language in the Debtor's proposed order):

    > ORDERED, that other than filing a proof of claim against the Debtor's bankruptcy estate, the Movants will not enforce any money judgment they may obtain against the Debtor in the Actions, except upon further order(s) of this Court, but that such prohibition shall not extend to any of the Movants' rights against Edelweiss, LLC.

---

[1] The HVAC system has already been removed and the exhaust fan is also expected to be timely removed.

Honorable Stuart M. Bernstein
September 4, 2018
Page 3

      The Debtor respectfully submits that its proposed order properly reflects the matters agreed upon and the relief granted by the Court at the June 28, 2018 hearing and, thus, requests that the Court enter same.

                                              Respectfully,

                                              Douglas J. Pick

Encl.
cc:    Matthew Spero, Esq.
       Jeremy Honig, Esq.
       Rocco Cavaliere, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

BUNGALOW 3 NYC, LLC,

                Debtor.

------------------------------------------------------------x

Chapter 11
Case No. 18-11374 (smb)

## ORDER LIFTING THE AUTOMATIC STAY UNDER
## 11 U.S.C. §362(d)(1)

WHEREAS, on May 29, 2018 the Mondo Condo Condominium, Daniel LaCivita, Neal Batra, Bret Kossman, and Shoshanna Sugahara (collectively, the "Movants") made a motion (the "Motion") to lift the automatic stay as to the Movants pursuant to 11 U.S.C. §§ 105(a) and 362(d)(1), Bankruptcy Rules 4001(a), 9006(d), and 9014(a) and (b), and Local Bankruptcy Rules 4001-1 and 9006-1, so as to permit the Movants to prosecute the following cases against all parties thereto: 1) *The Board of Managers of the Mondo Condo Condominium v. Edelweiss LLC and Eastbank N.A., et. al.* (Index No. 156576/2017, New York County, Supreme Court; "Action no. 1"); and 2) *The Board of Managers of the Mondo Condo Condominium, Daniel LaCivita, Neal Batra, Bret Kossman, and Shoshanna Sugahara v. Bungalow 3 NYC, LLC d/b/a Tribeca Tap House and Edelweiss LLC ["Edelweiss"]* (Index No. 159624/2017, New York County, Supreme Court; "Action no. 2", and along with Action no. 1, collectively, the "Actions")[1]; and

WHEREAS, the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

WHEREAS, on June 28, 2018, the Court held a hearing on the Motion on which date counsel to the Debtor, counsel to Edelweiss, and counsel to the Movants placed their agreed upon stipulation resolving the Motion on the record; and

WHEREAS, after due deliberation and sufficient cause appearing therefor, it is

ORDERED, that: (i) the automatic stay imposed pursuant to section 362(a) of the Bankruptcy Code is lifted effective Friday, September 28, 2018 to allow the Actions to proceed in the State Supreme Court; and (ii) any determination made in the State Supreme Court will be not be enforced except pursuant to further Court Order by the Bankruptcy Court.

Dated: New York, New York
       September___, 2018

                                               _____
                                               HONORABLE STUART M. BERNSTEIN
                                               UNITED STATES BANKRUPTCY JUDGE

4008614 v2